UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRADLEY JOHNSON,

        Plaintiff,

v.

UNKNOWN PARTY #1 et al.,

        Defendants.

_____/

Case No. 1:22-cv-342

Honorable Jane M. Beckering

# **ORDER**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's action concerns the use of excessive force and the denial of medical care related to this use of force by "deputy/correctional officers employed by the Kent County Sheriff's Department" after Plaintiff's sentencing in state court. (Compl., ECF No. 1, PageID.2–3.) The Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e(e) and has determined that at this juncture, his claims are sufficiently colorable to allow service of the action. However, Plaintiff has not provided the name of a single defendant, but instead indicates that he sues Jane and John Doe officers.

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. Fed. R. Civ. P. 10(a). The use of the fictitious names of Jane and John Doe is typically permitted only in limited circumstances, and only in the context where there is at least one named party and discovery from that party may eventually allow the true identity of the Jane or John Doe to be discovered. *See, e.g.*, *Berndt v. Tennessee*, 796 F.2d 879, 882–84 (6th Cir. 1986) (remanding to allow plaintiff to amend complaint to name the parties);

*Odum v. Knox Cnty.*, No. 89-5987, 1990 WL 57241, at *1 (6th Cir. 1990) (concluding that the complaint contained sufficient facts for the named defendants to discover the correct defendant with minimal investigation). Plaintiff's action concerns several correctional officers, all of whom appear to have worked at the Kent County Correctional Facility where Plaintiff was likely incarcerated preceding his transfer to a Michigan Department of Corrections facility. Based on this, it appears that Plaintiff should be able to name at least one of the involved individuals or a related party.

As this case presently stands without any names of the defendants, the Court cannot order service of the action. Accordingly, Plaintiff will be permitted to file an amendment to his complaint within thirty days to provide the name of at least one defendant or a related party, or he will face dismissal of his action without prejudice. *See Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir. 1997) (remanding to allow the plaintiff an opportunity to identify name of an officer from the named defendant but noting that a dismissal was not precluded if the information was insufficient to allow for service of process on the defendant). Therefore:

**IT IS ORDERED** that Plaintiff shall have **thirty (30) days** in which to file an amendment to his complaint or face dismissal of his action without prejudice.

Dated:   May 10, 2022                                         /s/ Ray Kent
                                                             Ray Kent
                                                             United States Magistrate Judge