UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY JOHNSON,

      Plaintiff,

v.

JASON MEHAFFEY, et al.,

      Defendants.

_____/

Case No. 1:22-cv-342

HON. JANE M. BECKERING

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff Bradley Johnson alleges that in transporting him on July 9, 2021, Defendants Jason Mehaffey, John Cooper, Nate Tamminga, and Rebecca Casarez were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Count 1), engaged in cruel and unusual punishment in violation of the Eighth Amendment (Count 2), and committed assault and battery in violation of Michigan law (Count 3).  Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that Plaintiff failed to exhaust his administrative remedies and that they are entitled to judgment as a matter of law on Plaintiff's three claims.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part Defendants' motion.  The matter is presently before the Court on Plaintiff's and Defendants' objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

## I.  Exhaustion

As a threshold matter, the Magistrate Judge recommends that this Court deny Defendants' motion for summary judgment as to the issue of exhaustion (R&R, ECF No. 126 at PageID.1077). In their Objections to the Magistrate Judge's exhaustion analysis, Defendants argue that the Magistrate Judge "failed to recognize" that even if Plaintiff was denied a grievance form for purposes of satisfying Step Three of the Inmate Grievance Procedure set forth in the Kent County Correctional Facility's Policy ad Procedure Manual, Plaintiff "indisputably" failed to satisfy Step Two, which required him to write a "kite" requesting to speak with a sergeant (Objs., ECF No. 127 at PageID.1080–1082).  Defendants argue that because Plaintiff did not write the requisite kite, he did not exhaust his administrative remedies (*id.* at PageID.1082).

Defendants' objection is properly denied.

Notably, the Magistrate Judge did not overlook Defendants' contention that Plaintiff did not timely submit a kite.  *See* R&R, ECF No. 126 at PageID.1060 ("Defendants point out that plaintiff did not submit a KITE to speak with a sergeant or a grievance form for the incident that occurred on July 9, 2021[.]").  Moreover, the Magistrate Judge's conclusion that Defendants were not entitled to summary judgment on exhaustion was not premised on a factual dispute at Step Three, as Defendants' argument suggests; rather, the Magistrate Judge concluded that Plaintiff's claim of *excusal* from the exhaustion requirement involved a factual dispute, which precluded summary judgment for Defendants.  Defendants have not supplied a meritorious basis for rejecting the Magistrate Judge's recommendation.

## II.  Deliberate Indifference (Count 1)

In Count 1, Plaintiff alleges that on July 9, 2021, he fell while leaving the courtroom, that he suffered injuries, and that Defendants Mehaffey, Cooper, Tamminga, and Casarez were

deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to timely address his injuries (2d Am. Verified Compl. ¶¶ 42–46, ECF No. 75 at PageID.402–403).  The Magistrate Judge recommends that this Court grant all four Defendants summary judgment on Count 1 (R&R, ECF No. 126 at PageID.1077).  Plaintiff has objected to this portion of the Report and Recommendation, arguing that the Magistrate Judge "erroneously analyzed that Plaintiff's injuries need to be 'visible'" and opining that "any layperson would have seen a glaring [injury] when Plaintiff fell headfirst over a chair while fully shackled" (Brief, ECF No. 130 at PageID.1155–1157, 1159).

Plaintiff's objection is properly denied.

The Magistrate Judge determined that the record did not support a finding that each Defendant knew of and disregarded an excessive risk to Plaintiff's health, i.e., the subjective element of a deliberate indifference claim (R&R, ECF No. 126 at PageID.1067–1068).  In reaching this determination, the Magistrate Judge relied on Plaintiff's own deposition testimony that (1) there was "no" "visible" injury to Plaintiff's hip, and Plaintiff himself did not "really know" what caused his pain; (2) Defendants Tamminga and Casarez, the two escorting officers, did not "believe" that Plaintiff was injured; and (3) Defendants Mehaffey and Cooper were not even present when Plaintiff fell (*id.*, citing Pl. Dep., ECF No. 82-2 at PageID.464–469).  Plaintiff's argument demonstrates only his disagreement with the Magistrate Judge's recommendation, and not any analytical error by the Magistrate Judge.

Moreover, as Defendants point out in their response to Plaintiff's objection (ECF No. 132 at PageID.1165), Plaintiff wholly fails to address the Magistrate Judge's additional point that even if the record supported the proposition that Plaintiff suffered obvious injuries from the fall, Plaintiff failed to establish the objective element of a deliberate indifference claim where Plaintiff did not

submit any medical evidence demonstrating a detrimental effect from the delay in receiving medical treatment (R&R, ECF No. 126 at PageID.1069).  Hence, Plaintiff's argument also fails to identify any error in the Magistrate Judge's ultimate conclusion.  For these reasons, the Court denies Plaintiff's objection.

### III.  Excessive Force (Count 2)

In Count 2, Plaintiff alleges that Defendants Tamminga, Casarez, Mehaffey, and Cooper "us[ed] physical force"—or "fail[ed] to intervene to prevent the misuse of force"—in violation of the Eighth Amendment (2d Am. Verified Compl. ¶ 48, ECF No. 75 at PageID.403).  During his deposition, Plaintiff identified the following two uses of force:  Plaintiff testified that while he was in both handcuffs and ankle restraints, (1) Defendants Mehaffey and Cooper worked "collectively" to place him in a chokehold, and (2) an unknown individual subsequently pushed him into the transport van.  *See* Pl. Dep., ECF No. 82-2 at PageID.461, 477–481.  The Magistrate Judge made three recommendations on Defendants' motion for summary judgment of Count 2, recommendations to which the parties have objected as follows.

### A.      Recommendation re. Defendants Tamminga & Casarez

The Magistrate Judge first recommends that this Court grant Defendants' motion as to Defendants Tamminga and Casarez where Plaintiff presented "no evidence to support an excessive force claim against Defendants Tamminga or Casarez" (R&R, ECF No. 126 at PageID.1074, 1077).  Plaintiff objects to this recommendation, pointing out that the Magistrate Judge failed to address his failure-to-intervene claim (Objs., ECF No. 129 at PageID.1152; Brief, ECF No. 130 at PageID.1158).

Plaintiff's objection is properly denied.

In the excessive-force context, the Sixth Circuit has held that a nearby officer who does not actively participate in the use of excessive force may still violate the Fourth Amendment if the officer fails to intervene to stop a fellow officer's use of such force.  *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 493 (6th Cir. 2020).  The theory requires a plaintiff to establish that "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring."  *Id.* (citation omitted).

Here, while Plaintiff briefly referenced a failure-to-intervene claim in Count 2 of his Second Amended Complaint, Plaintiff did not develop any argument about the claim in his response to Defendants' motion for summary judgment.  As Defendants point out (ECF No. 132 at PageID.1176), Plaintiff only mentioned, without any support, his "failure to intervene" claim against Defendants Tamminga and Casarez.  *See* Pl. Resp. ECF No. 102 at PageID.728 & 731.

Even assuming arguendo that Plaintiff did not abandon his failure-to-intervene claim in his submission to the Magistrate Judge, the evidentiary record upon which the Magistrate Judge based his decision would not support such a claim.  The Magistrate Judge found that the purported chokehold lasted only "a few seconds" (R&R, ECF No. 126 at PageID.1068), and the Sixth Circuit has held that "an excessive use of force lasting ten seconds or less does not give a defendant 'enough time to perceive the incident and intervene' to stop such force."  *Pineda*, 977 F.3d at 493.

In short, Plaintiff's one-sentence objection does not serve to demonstrate that a result other than the dismissal recommended by the Magistrate Judge is warranted.

### B.      Recommendation re. Defendants Mehaffey & Cooper—The Chokehold

Next, the Magistrate Judge recommends that this Court deny Defendants' motion as to Plaintiff's allegation that Defendants Mehaffey and Cooper used excessive force by placing him in a chokehold (R&R, ECF No. 126 at PageID.1074, 1077).  The Magistrate Judge found that while the video evidence in the record was "not entirely clear," the footage "might be construed as showing what a layman would refer to as a 'chokehold' for a few seconds while Defendants transported him through a doorway to the elevator" (*id.* at PageID.1068).  The Magistrate Judge concluded that "a genuine issue of material fact exists as to whether Defendants Mahaffey and Cooper applied force to Plaintiff's neck and jaw in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm" (*id.* at PageID.1075).  Defendants present four objections to the Magistrate Judge's analysis of the excessive force claim related to the chokehold.

First, Defendants argue that the record does not support a violation of Plaintiff's constitutional rights because Defendants Mehaffey and Cooper's use of an alleged chokehold for "a few seconds" is a "de minimis" use of force that did not result in any injury to Plaintiff (Objs., ECF No. 127 at PageID.1082–1083).  Defendants' objection is properly denied.  What divides actionable force from de minimis force is a contextual inquiry, with a "murky border between the two." *Johnson v. Sootsman*, 79 F.4th 608, 616–18 (6th Cir. 2023).  Defendants' conclusory argument reveals no error in the Magistrate Judge's determination that whether Defendants applied more than a de minimis use of force is a question of fact for the jury.

Second, Defendants argue that the Magistrate Judge's qualified-immunity analysis of Count 2 was incomplete because the Magistrate Judge did not address whether Plaintiff satisfied his burden to identify precedent establishing that Defendants Mehaffey and Cooper's alleged

conduct violated clearly established rights (Objs., ECF No. 127 at PageID.1083–1085).   The Magistrate Judge acknowledged that Defendants asserted a qualified immunity defense to Plaintiff's excessive force claim in Count 2 (R&R, ECF No. 126 at PageID.1074), a defense that the Magistrate Judge described within his analysis of Count 1 (*id.* at PageID.1066).  The Magistrate Judge concluded that the factual question he identified—whether Defendants Mahaffey and Cooper applied force to Plaintiff's neck and jaw in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm—"precludes granting Defendants Mahaffey and Cooper summary judgment on their qualified immunity defense" (*id.* at PageID.1075).  The Magistrate Judge's conclusion is entirely consistent with the proposition that it is clearly established that chokeholds are unconstitutional if used on an unresisting subject.  *See, e.g., Briggs v. Miles*, No. 15-1386, 2017 WL 2174252, at *3 (6th Cir. Mar. 6, 2017) ("[U]sing a chokehold on a restrained individual—even one who is initially resistant—amounts to a constitutional violation and violates clearly established law") (citing *Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 540–41 (6th Cir. 2015) ("Chokeholds are objectively unreasonable where an individual is already restrained or there is no danger to others.")).  Therefore, Defendants' second objection is properly denied.

Third, Defendants argue that the Magistrate Judge failed to analyze the subjective component of Plaintiff's excessive force claim and concomitantly failed to identify "any evidence" suggesting Defendants Mehaffey and Cooper had malevolent intent (Objs., ECF No. 127 at PageID.1085–1086).   According to Defendants, analysis of the relevant factors would have revealed that Mehaffey and Cooper acted in a good-faith effort to maintain or restore discipline rather than maliciously and sadistically to cause harm (*id.* at PageID.1087–1089).  Defendants' argument lacks merit.  The Magistrate Judge's recitation of the factual background in this case

7

referenced Plaintiff's verified allegations that before Defendants Mehaffey and Cooper placed him in a chokehold, Defendant Mehaffey had been ridiculing Plaintiff for his sexual interest in children, mimicking Plaintiff, and referring to him as "George Floyd," ridicule that elicited laughter from Defendant Cooper (R&R, ECF No. 126 at PageID.1057, quoting Am. Verified Compl. ¶ 26, ECF No. 13 at PageID.62). *See also* 2d Am. Verified Compl. ¶ 26, ECF No. 75 at PageID.398. Defendants' third objection does not reveal any factual or legal error by the Magistrate Judge in analyzing the subjective component of Plaintiff's excessive force claim.

Fourth, Defendants argue that even if the Court determines that Defendants Mehaffey and Cooper are not entitled to qualified immunity, this Court should find that Defendant Cooper is nonetheless entitled to summary judgment where the video evidence shows Defendants Mehaffey and Cooper "using the 'infra-orbital' and 'double hypoglossal' pressure points to keep Plaintiff from falling to the floor" and "clearly shows that Deputy Cooper never put Plaintiff in a 'chokehold'" (Objs., ECF No. 127 at PageID.1089–1090). Again, regardless of Defendants' view of the evidence, the Magistrate Judge properly applied the standard for resolving motions under Rule 56 and viewed the record in the light most favorable to Plaintiff. Defendants' fourth objection is properly denied.

### C.   Recommendation re. Defendants Mehaffey & Cooper—The Van

Last, the Magistrate Judge recommends that this Court grant Defendants' motion as to Plaintiff's allegation in Count 2 that Defendants Mehaffey and Cooper used excessive force in pushing him into the van where "Plaintiff cannot identify the person who allegedly pushed him into the van" (R&R, ECF No. 126 at PageID.1076–1077). Plaintiff objects to the Magistrate Judge's recommendation, opining that Plaintiff should not be "faulted for his incapability during

arguably abusive events to identify with the utmost certainty the person behind him who violated his rights" (Brief, ECF No. 130 at PageID.1157–1158).

As a threshold matter, Plaintiff's argument is misplaced because the Magistrate Judge did not reference, let alone require, "utmost certainty" in Plaintiff's identification of the person who purportedly pushed him into the transport van.  In any event, under the relevant standards, Plaintiff's argument also fails to demonstrate any error by the Magistrate Judge.  The Sixth Circuit has held that § 1983's substantive standards, when combined with Rule 56's procedural standards, require a plaintiff to produce "evidence from which a reasonable jury could find that it was more likely than not that each defendant was 'personally involved' in the excessive force."  *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 494 (6th Cir. 2020).  *See also Fazica v. Jordan*, 926 F.3d 283, 292–93 (6th Cir. 2019) (reconciling failure-to-identify cases and holding that plaintiffs must "put forth evidence such that a reasonable jury could find each defendant liable").  As Defendants set forth in their response to Plaintiff's objection, despite having every opportunity to identify which deputy purportedly "pushed" him (ECF No. 132 at PageID.1171–1172), Plaintiff has not identified evidence in the record from which a reasonable jury could find that it was more likely than not that either Mehaffey or Cooper was personally involved in this purported use of force. Plaintiff's objection demonstrates only his disagreement with the Magistrate Judge's recommendation.  Consequently, Plaintiff's objection is properly denied.

## IV.  <u>Assault & Battery</u> (Count 3)

In Count 3, Plaintiff alleges that Defendants Tamminga, Casarez, Mehaffey, and Cooper used physical force, or "fail[ed] to intervene to prevent the misuse of force," which constitutes assault and battery in violation of Michigan law (2d Am. Verified Compl. ¶ 50, ECF No. 75 at

PageID.403–404).  The Magistrate Judge made two recommendations on Defendants' motion for summary judgment of Count 3, to which the parties have objected as follows.

### A.      Recommendation re. Defendants Tamminga & Casarez

The Magistrate Judge first recommends that where Plaintiff does not set forth "any evidence to support a claim for assault and battery against Defendants Tamminga and Casarez," this Court grant Defendants' motion as to Defendants Tamminga and Casarez (R&R, ECF No. 126 at PageID.1076, 1078).  Plaintiff objects to this recommendation, again pointing out that the Magistrate Judge failed to address his failure-to-intervene claim (Objs., ECF No. 129 at PageID.1152; Brief, ECF No. 130 at PageID.1158).

Plaintiff's objection is properly denied.

While Plaintiff briefly referenced a failure-to-intervene claim in Count 3 of his Second Amended Complaint, Plaintiff effectively abandoned this claim in briefing the matter to the Magistrate Judge inasmuch as his discussion of Count 3 wholly failed to mention such a claim and wholly omitted any mention of either Defendant Tamminga or Defendant Casarez.  *See* Pl. Resp. ECF No. 102 at PageID.731–732.  Moreover, as stated *supra*, even assuming arguendo that Plaintiff did not abandon this failure-to-intervene claim, the evidentiary record upon which the Magistrate Judge based his decision would not support such a claim.  *See Pineda*, 977 F.3d at 493. In short, Plaintiff's one-sentence objection does not serve to demonstrate that a result other than the dismissal recommended by the Magistrate Judge is warranted.

### B.      Recommendation re. Defendants Mehaffey & Cooper

Next, the Magistrate Judge recommends that this Court deny Defendants' motion as to Defendants Mehaffey and Cooper (R&R, ECF No. 126 at PageID.1076–1077, 1078).  The Magistrate Judge determined that Defendants' conclusory argument for application of

governmental immunity was not meaningfully developed and that the same genuine issue of material fact precluding summary judgment on Plaintiff's excessive-force claim precluded summary judgment on Plaintiff's assault-and-battery claim (*id.*).  In their Objections to the Report and Recommendation, Defendants argue that the Magistrate Judge "inexplicably refused" to analyze Defendants' governmental immunity defense, even though they addressed each element of the defense in their motion (Objs., ECF No. 127 at PageID.1090–1093).

Defendants' argument objection is properly denied.

Assault and battery are intentional torts under Michigan law.  *Shumate v. City of Adrian, Mich.*, 44 F.4th 427, 450 (6th Cir. 2022) (citing *People v. Reeves*, 580 N.W.2d 433, 436 (Mich. 1998)).  Michigan's Government Tort Liability Act protects law enforcement officers from lawsuits for their on-the-job conduct unless the conduct rises to "gross negligence that is the proximate cause of the injury or damage."  MICH. COMP. LAWS § 691.1407(2); *Odom v. Wayne Cnty.*, 760 N.W.2d 217, 222 (Mich. 2008).  To enjoy this governmental immunity, an officer must establish: (1) the employee's challenged acts were undertaken during the course of employment and that the employee was acting, or reasonably believed he was acting, within the scope of his authority; (2) the acts were subjectively undertaken in good faith, that is, without malice; and (3) the acts were discretionary, rather than ministerial in nature.  *Id.* at 451.

Like the evidence supporting Plaintiff's § 1983 excessive-force/chokehold claim in Count 2, the evidence supporting his assault-and-battery claim in Count 3 is not so one-sided that Defendants Mehaffey and Cooper must prevail as a matter of law.  Their individual uses of force could be deemed unreasonable, not undertaken in good faith, and with willful disregard for the possibility of harm.  *See, e.g., Shumate*, 44 F.4th at 451–52 ("Having found that Powers' actions are not shielded by qualified immunity, we conclude that Powers is not entitled to governmental

immunity under state law" on the plaintiff's assault-and-battery claim); *see also Martin v. City of Broadview Heights*, 712 F.3d 951, 963 (6th Cir. 2013) ("[R]esolution of the state-law immunity issue is heavily dependent on the same disputed material facts as the excessive-force determination under § 1983[.]").  Because the evidence presents sufficient disagreement to require submission to a jury, the Magistrate Judge properly recommended that this Court deny Defendants Mehaffey and Cooper summary judgment on Count 3.

### V.  Conclusion

Having determined that the objections lack merit, the Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 127 & 129) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 126) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 81) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation.  Defendants Tamminga and Casarez are TERMINATED from this case, and the case proceeds against Defendants Mehaffey and Cooper on the chokehold allegation in Counts 2 and 3.

Dated:  September 29, 2023                                 /s/ Jane M. Beckering
                                                                          JANE M. BECKERING
                                                                          United States District Judge